(32 Misc. Rep. 303.)

### In re WASHBURN.

#### (Ulster County Court. July, 1900.)

LIQUOR TAX CERTIFICATE—REVOCATION—STAY OF PROCEEDINGS.

> Liquor Tax Law, § 28, providing for proceedings to revoke and cancel a certificate, if the consents required are not filed; that, if the evidence establishes the facts, an order shall be granted revoking and canceling the certificate; and said order shall also provide that the holder of said certificate shall forthwith surrender it to the officer issuing it, and that all rights of the holder of the certificate shall cease on the filing and serv-ice of the order, and the certificate shall be immediately surrendered,—does not allow of stay of proceedings after entry and service of the order.

Petition of George W. Washburn for an order revoking and cancel-ing liquor tax certificate No. 22,671, issued to Pasquale Della Morte. Order granted, and defendant applies for stay on appeal. Applica-tion denied.

Charles F. Cantine, for petitioner.
Brinnier & Searing, for defendant.
William E. Schenck, for Ulster county treasurer.

VAN ETTEN, J. An order was made in the above-entitled pro-ceeding revoking and canceling the liquor tax certificate issued to Pasquale Della Morte, on the ground that the consents of property owners had not been obtained, as required by section 17 of the liquor tax law. It appeared upon the hearing that there were two houses occupied exclusively as dwellings within 200 feet of the saloon where liquor was sold under said certificate, and that the consents of the

owners of said dwellings had not been obtained. In the application for said certificate said defendant stated that there were no houses within 200 feet of said saloon. This was false. The liquor tax law (section 28) provides that proceedings may be taken to revoke and cancel the certificate, among other things, "if the consents required by section 17 are not properly filed as required by said section." It further provides that, if the evidence establishes such facts, an order shall be granted revoking and canceling the certificate, and "said order shall also provide that the holder of said liquor tax certificate, or any other person having such certificate in his possession or under his control, shall forthwith surrender said certificate to the officer who issued the same, or his successor in office"; also that all the rights of the holder of said certificate shall cease upon the filing and service of said order, and that the said certificate shall be immediately surrendered to the officer who issued the same. This proceeding is of a summary nature, and is intended to immediately stop persons from selling liquor who have not the lawful right to do so. A stay of proceedings after entry and service of the order is not contemplated by said act. It was held in Re Auerbach, 31 Misc. Rep. 46, 64 N. Y. Supp. 603, that "the order is self-executing, and upon its entry and due service the rights of the holder by virtue of the certificate 'shall cease.' Therefore a stay, operating only upon future proceedings, cannot affect the legal status of the party as already fixed by law, and, with or without a stay, his further acts under the certificate would be in violation of the penal provisions of the statute." The application for a stay is therefore denied.

Application denied.